UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, acting in its capacity as Liquidating Agent for St. Paul Croatian Federal Credit Union, | ) ) ) ) ) | CASE NO. 1:14-CV-254 |
| Plaintiff, | ) ) | MAGISTRATE JUDGE McHARGH |
| v. | ) ) | |
| VELIMIR LUCIC, *et al.*, | ) ) ) | **ORDER** |
| Defendants. | ) | |

This matter is before the Court on Defendants' motion to seal the record. (Doc. No. 64). During a telephone status conference held before the Court on April 7, 2015, Plaintiff indicated that it would not file an opposition to the motion.

For the reasons set forth below, Defendants' motion to seal the record is DENIED.

**I.      BACKGROUND**

On February 6, 2014, Plaintiff National Credit Union Administration Board ("NCUAB") filed this action against Defendants Velimir and Valentina Lucic ("the Lucics") and a number of their business entities. (Doc. No. 1). Prior to the filing of the lawsuit, Plaintiff NCUAB placed St. Paul Croatian Federal Credit Union ("St. Paul") into involuntary liquidation and appointed itself as liquidating agent thereof. (*Id.* at ¶ 3). By operation of law, Plaintiff succeeded to all rights, titles, authorities, and interests of St. Paul. (*Id.*). St. Paul was a federally chartered and insured credit union which issued "share-secured" personal and consumer loans to its members. (*Id.* at ¶ 2). Following an investigation by the Office of the Inspector General, St. Paul's former Chief Executive Officer was sentenced to imprisonment for orchestrating a criminal scheme

1

whereby he issued fraudulent loans in return for bribes, kickbacks, and cash gifts. (Doc. No. 64 at 2). In its complaint, Plaintiff alleged that Defendants committed fraud, civil conspiracy, conversion, and were unjustly enriched relative to loans from St. Paul. (Doc. No. 1). The complaint also alleges that the Lucics gave payments to St. Paul's former CEO totaling $1,000 to influence or reward him for approving and facilitating the approval of loans. (Doc. No. 1 at ¶ 24). Plaintiff attached to the complaint approximately 100 pages of accounting statements purportedly generated by St. Paul with respect to the loans that are the subject of this litigation.

On the day it filed suit, Plaintiff also filed a motion for prejudgment attachment, which was resolved by the parties by way of an agreed order. (Doc. Nos. 2, 21). Following Defendants' answer, Plaintiff moved to strike certain of Defendants' affirmative defenses. (Doc. Nos. 26, 36). The Court held the motion to strike in abeyance pending potential settlement. A motion for leave to take the deposition of a prisoner was granted, but Defendants represent that no depositions were taken. (Doc. Nos. 56, 63, 64). Nor were dispositive motions filed. The parties began working toward a resolution of the case around the time of its inception. (Doc. No. 64 at 4).

On April 7, 2015, the parties communicated to the Court that an agreement regarding settlement had been reached, pending final execution of terms and Defendants' filing of the instant motion to be considered by the Court.

## II. LAW & ANALYSIS

Federal courts have been presumptively open to access by the public. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178-79 (6th Cir. 1983). The public has the right to monitor the functioning of courts both by observing trials and inspecting judicial records. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569-73 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).

While the presumptive right of access is strong, it is not absolute. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Under certain circumstances, trial courts have the ability to restrict access to what is ordinarily public information. *Id.* For instance, district courts are empowered to seal records where there is special need for confidentiality, such as when trade secrets, national security, and certain privacy rights of trial participants or third parties are implicated. *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179.

Nevertheless, sealing court records is a drastic step, and generally "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel*, 723 F.2d at 476 (*citing Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179). The interests of privacy must outweigh the public's right of access to the information. *Id.* at 474.

In the present case, Defendants seek an order sealing the entire case record. The Lucics emphasize that they are local business owners. They explain that maintaining a good reputation will attract business and offer assurances to suppliers and others that their business can be trusted. Defendants assert that the record should be sealed because the allegations in this case are serious in nature, have not been proven, and threaten to harm their personal reputations and negatively impact their businesses. Defendants point to *Nixon v. Warner*, where the Supreme Court recognized that in some instances, lower courts have refused to permit their files to serve as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598 (citations omitted).

Defendants further maintain that public interest in the matter is minimal. They highlight *Brown v. Williamson Tobacco Corp.* where the Sixth Circuit observed that "the public has an interest in ascertaining what evidence and records the District Court and this Court *have relied upon in reaching our decisions*." 710 F.2d at 1181 (emphasis added). Defendants explain that

3

the record contains little evidence and the Court has issued few decisions that would implicate the public's interest.

The Court's involvement in this case has not been extensive. There have been no case dispositive motions filed and rulings on other motions have not generated substantive insight into the merits of the case. Nevertheless, Defendants have not persuasively argued that overriding confidentiality concerns should prevent the public from having access to the entire judicial record.

Defendants focus their argument on the possibility of harm to their personal and business reputations based on allegations in the complaint, which they assert are patently harmful simply because they were made. However, a litigant's "natural desire" to safeguard its reputation against potentially prejudicial information "cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179-80. "Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceeding and records." *Id.* Here, Defendants do not allege that trade secret or other confidential business information would be available to the public were the record not sealed. Rather than seeking to seal parts of a docket that contain highly sensitive information, Defendants wish to close the entire court record, which in this case, does not comport with the principle of open access to matters before the judiciary.

Additionally, Defendants provide no factual support for the assertion that harm could possibly result from the public's continued access to the case record. While Defendants make broad, conclusory allegations of potential harm, they have not shown through demonstrations of fact, supported by evidence, that public access could damage their business' competitive or

4

financial position.  Accordingly, the Court does not find the existence of the type of extraordinary circumstances or significant interests that overcome the strong presumption in favor of public access.

### III.    CONCLUSION

For the reasons stated above, Defendants' motion to seal the record (Doc. No. 64) is DENIED.

IT IS SO ORDERED.

                              s/ Kenneth S. McHargh
                              Kenneth S. McHargh
                              United States Magistrate Judge

Dated:  April 16, 2015.